ORDER

The plea of guilty is accepted.
The recommendations in the
plea agreement are reserved
until the time of sentencing.

Eli Richardson
U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 2:24-cr-00002 |
| v. | ) | |
| | ) | Judge Richardson |
| PAUL FAYE, SR. | ) | |

PLEA AGREEMENT

The United States of America, through Henry C. Leventis, United States Attorney for the Middle District of Tennessee, and Assistant United States Attorney Joshua A. Kurtzman, and defendant, Paul Faye, Sr., through defendant's counsel, David Baker, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, have entered into an agreement, the terms, and conditions of which are as follows:

Charges in This Case

1. Defendant acknowledges that he has been charged in the Indictment in this case with:

a. Counts One, Four, and Six: Possession of an unregistered firearm that is governed by the National Firearms Act, in violation of Title 26, United States Code, Sections 5841, 5861(d), and 5871;

b. Counts Two and Five: Possession of a firearm not identified by a serial number, in violation of Title 26, United States Code, Sections 5861(i) and 5871; and

c. Count Three: Unlawful transfer of a non-registered firearm governed by the National Firearms Act, in violation of Title 26, United States Code, Sections 5812, 5841, 5861(e), and 5871.

2. Defendant has read the charges against him contained in the Indictment. Those charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crimes with which he has been charged.

### Charges to Which Defendant is Pleading Guilty

3. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to all counts contained in the Indictment, charging him with possession of unregistered firearms, possession of firearms not identified by a serial number, and the unlawful transfer of a non-registered firearm.

### Penalties

4. The parties understand and agree that the offenses with which the defendant is charged carry the following maximum penalties:

   a. Counts One, Four, and Six: not more than 10 years of imprisonment; not more than three years of supervised release; a $250,000 [~~10~~] fine; and a $100 special assessment.

   b. Counts Two and Five: not more than 10 years of imprisonment; not more than three years of supervised release; a $250,000 [~~10~~] fine; and a $100 special assessment.

   c. Count Three: not more than 10 years of imprisonment; not more than three years of supervised release; a $250,000 [~~10~~] fine; and a $100 special assessment.

### Acknowledgements and Waivers Regarding Pleas of Guilty
### Nature of Plea Agreement

5. This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 2:24-cr-00002.

6. Defendant understands that by pleading guilty he surrenders certain trial rights, including the following:

2

a. If defendant persisted in pleas of not guilty to the charges against him, he would have the right to a public and speedy trial. Defendant has a right to a jury trial, and the trial would be by a judge rather than a jury only if defendant, the government, and the Court all agreed to have no jury.

b. If the trial were a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent; that the government bears the burden of proving defendant guilty of the charges beyond a reasonable doubt; and that it must consider each count of the indictment against defendant separately.

c. If the trial were held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded of defendant's guilt beyond a reasonable doubt.

d. At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence on his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

3

e. At a trial, defendant would have a privilege against self-incrimination so that he could testify or decline to testify, and no inference of guilt could be drawn from his refusal to testify.

7. Defendant understands that by pleading guilty he is waiving all of the trial rights set forth in the prior paragraph. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

Factual Basis

8. Defendant will plead guilty because he is in fact guilty of the charges contained in the Indictment. In pleading guilty, the defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt:

In 2022, the defendant, Paul Faye, Sr., came to the attention of law enforcement based on his contacts with two individuals who were charged in the Eastern District of Missouri with the following felony offenses: Assault on a Federal Law Enforcement Officer, in violation of 18 U.S.C. § 111(a)(1) and (b); Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1); Use of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii); Possession of a Firearm While Subject to a Court Order of Protection, in violation of 18 U.S.C. § 922(g)(8); and Communicating a Threat to Injure in Interstate Commerce, in violation of 18 U.S.C. § 875(c). In March 2023, the Federal Bureau of Investigation ("FBI") introduced an undercover employee to the defendant via TikTok. After exchanging direct messages via TikTok, the defendant provided the undercover agent with his phone number for further communication. The defendant and the undercover employee communicated on a somewhat regular basis throughout 2023 regarding firearms, illegal immigration, and the need for action to be taken related to illegal immigration.

4

With respect to Counts One, Two, or Three, on January 11, 2024, the undercover agent conducted an in-person meeting with the defendant at his residence, which is located in Cunningham, Tennessee, a town that lies within the Middle District of Tennessee. During the meeting, the defendant discussed a plan to travel to the United States border with Mexico and indicated a desire to commit acts of violence. During the meeting, the defendant produced "silencer" also known as a suppressor he had previously described to the undercover agent and the undercover agent purchased the suppressor from the defendant for $100. Prior to the defendant's sale of this suppressor, the defendant stated he would provide the undercover agent with a suppressor that did not have a "tax stamp" on it. The reference to a suppressor without a "tax stamp" refers to the possession of a suppressor that violates the National Firearms Act, Title 26, United States Code, Section 5861, et seq. Law enforcement determined that the defendant did not have any suppressors or other firearms registered in his name in the National Firearms Registration and Transfer Record (the "NFRTR") as required by law.

On January 12, 2024, the unmarked "silencer" was sent to a Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), Firearms & Ammunition Technology Division (FATD), Firearms Enforcement Officer (FEO) for analysis. The ATF FEO examined the silencer and determined to be consistent in size, shape, and configuration with all the other silencers he previously encountered as an FEO. The silencer in this case fit within the meaning of a firearm as defined within the National Firearms Act. Under Title 26, United States Code, Section, 5845(b) the definition of a silencer also includes any combination of parts, designed or redesigned, and intended for use in assembling or fabricating a firearm silencer or firearm muffler. On January 12, 2024, an ATF Interstate Nexus expert physically inspected the silencer. The ATF Interstate Nexus

[handwritten margin notes: "Did not agree", "disagree", "sale", "denies"]

expert determined the silencer did not have the markings as required under the National Firearms Act ("NFA), such as a serial number, the location of manufacturer, or the firearm manufacturer.

With respect to Counts Four, Five, and Six, on February 5, 2024, law enforcement arrested the defendant as he entered the Davidson County Courthouse on an unrelated matter. Before a *Miranda* warning could be provided, arresting agents told the defendant he was arrested for possession of an unregistered silencer. The defendant immediately asked if this arrest was related to an item he had sold to the undercover agent and the agents responded that it was. After the defendant was taken into custody, the FBI and ATF executed a search warrant of the defendant's residence. The FBI recovered the following items of interest:

- a Crescent Firearms Company .410 caliber shotgun with serial number A70083, which an ATF FEO determined was a short-barreled shotgun, which is governed by the National Firearms Act, at the scene;
- 44 rounds of .22 long rifle ammunition;
- a Springfield XD pistol with serial number AT112097;
- a magazine and ten rounds of ammunition
- a 2nd American Militia patch
- seven magazines of ammunition: one containing 29 rounds of ammunition, one containing 31 rounds of ammunition, and five containing 30 rounds of ammunition;
- 100 rounds of 38 special ammunition and four rounds of .40 caliber ammunition;
- five boxes of 5.56 ammunition, one box of 12-gauge shells, one box of 9mm ammunition, and two boxes of .22 caliber ammunition;
- six jars of white pellet like substances with label reading "Tannerite" and one large jar containing silver foil and label reading Tannerite;
- a silencer with no serial number that was manufactured by an unknown manufacturer;
- an American Militia patch;
- a Savage Access, 6.5 Creedmoor rifle bearing serial number N480413 that was equipped with a Center Point scope and a cammo sling;
- a Double Star Corp rifle, 5.56 rifle (an AR-15) bearing serial number DS26983;

- a Smith & Wesson, M&P 15, 5.56 rifle bearing serial number TL07676 with Ovlife scope and red dot;
- a Maverick, Model 88, 12-gauge shotgun bearing serial number MV98990V along with six shells of 12-gauge ammunition; and
- a Marlin Firearm .22 caliber rifle bearing serial number 00326892 with a long-range scope along with 18 rounds of .22 caliber ammunition.

With respect to the firearms and other items listed above that were seized during the search warrant, all these items were seized from or near the one structure on the property that was exclusively controlled by the defendant. All the items listed above were seized from a gun rack/cabinet in the defendant's trailer and match items he has discussed previously with the undercover agent (the Creedmore rifle, the shotguns, and various rifle scopes) or that law enforcement knows that the defendant acquired during the investigation. Neither the suppressor nor the short-barreled shotgun was registered to the defendant in the NFRTR as required by federal law.

The conduct outlined above occurred within the Middle District of Tennessee.

This statement of facts is provided to assist the Court in determining whether a factual basis exists for defendant's pleas of guilty. The statement of facts does not contain each and every fact known to defendant and to the United States concerning defendant's and/or others' involvement in the offense conduct and other matters.

<u>Sentencing Guidelines Calculations</u>

9. The parties understand that the Court will take account of the United States Sentencing Guidelines (hereinafter "U.S.S.G."), together with the other sentencing factors set forth at 18 U.S.C. § 3553(a) and will consider the U.S.S.G. advisory sentencing range in imposing defendant's sentence. The parties agree that the U.S.S.G. to be considered in this case are those effective at the time of sentencing.

7

Case 2:24-cr-00002    Document 36    Filed 08/14/24    Page 7 of 13 PageID #: 224

## Agreements Relating to Sentencing

10. The parties agree that:

   a. The Base Offense Level is 18, pursuant to United States Sentencing Guidelines § 2K2.1(a)(4)(5), because the offense involved a: (i) semiautomatic firearm that is capable of accepting a large capacity magazine; or (ii) firearm that is described in 26 U.S.C. § 5845(a).

   b. The Base Offense Level is increased by four levels, pursuant to United States Sentencing Guidelines § 2K2.1(b)(4)(B), because a firearm or silencer had an obliterated or altered serial number.

   c. The Base Offense Level is increased by two levels, pursuant to United States Sentencing Guidelines § 2K2.1(b)(1)(A), because the offense conduct involved three or more firearms.

   d. As a result, the parties agree that the Total Offense Level is 24.

   e. The parties agree that no other enhancements apply, and the government will not seek to prove any other enhancements.

11. Each party is free to recommend whatever sentence it deems appropriate.

12. Defendant agrees to pay the special assessment of $600 at the time of sentencing to the Clerk of the U.S. District Court.

## Abandonment of Property

13. Defendant agrees that the firearms, suppressors, and ammunition seized during the investigation, is evidence, contraband, or fruits of the crimes for which he pleads guilty. As such, the defendant hereby abandons and relinquishes all claim, title, and interest to such property and cedes whatever interest he may have in such property to the United States with the understanding,

acknowledgment, and agreement that the property may be destroyed or returned to the rightful owner without further proceedings.

Presentence Investigation Report/Post-Sentence Supervision

14. Defendant understands that the United States Attorney's Office, in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing, shall fully apprise the District Court and the United States Probation Office of the nature, scope, and extent of defendant's conduct regarding the charges against him, as well as any related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

15. Defendant agrees to execute truthfully and completely a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the United States Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the Probation Officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 and enhancement of his sentence for obstruction of justice under U.S.S.G. § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001, or as a contempt of the Court.

16. This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Plea Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Plea Agreement are limited to the United States Attorney's Office for the Middle District of Tennessee

and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Plea Agreement.

## Entry of Guilty Pleas

17. The parties jointly request that the Court accept the defendant's pleas of guilty as set forth in this agreement and enter an order reflecting the acceptance of the pleas while reserving acceptance of this plea agreement until receipt of the pre-sentence report and sentencing.

## Waiver of Appellate Rights

18. Regarding the issue of guilt, defendant hereby waives all (i) rights to appeal any issue bearing on the determination of whether he is guilty of the crimes to which he is agreeing to plead guilty; and (ii) trial rights that might have been available if he exercised his right to go to trial. Regarding sentencing, Defendant is aware that 18 U.S.C. § 3742 generally affords a defendant the right to appeal the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal any sentence within or below the Court-determined guidelines range. Defendant also knowingly waives the right to challenge the sentence imposed in any motion pursuant to 18 U.S.C. § 3582(c)(2) and in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and/or § 2241. However, no waiver of the right to appeal, or to challenge the adjudication of guilt or the sentence imposed in any collateral attack, shall apply to a claim of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel. Likewise, the government waives the right to appeal any sentence within or above the Court-determined guidelines range.

## Other Terms

19. Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine and restitution for which defendant is liable, including providing

financial statements and supporting records as requested by the United States Attorney's Office. Defendant further agrees that any monetary penalties imposed by the Court will be subject to immediate enforcement as provided for in 18 U.S.C. § 3613 and submitted to the Treasury Offset Programs so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts but will not affect the periodic payment schedule.

20. Should defendant engage in additional criminal activity after he has pled guilty but prior to sentencing, defendant shall be considered to have breached this Plea Agreement, and the government at its option may void this Plea Agreement.

## Conclusion

20. Defendant understands that the Indictment and this Plea Agreement have been or will be filed with the Court, will become matters of public record, and may be disclosed to any person.

21. Defendant understands that his compliance with each part of this Plea Agreement extends until such time as he is sentenced, and failure to abide by any term of the Plea Agreement is a violation of the Plea Agreement. Defendant further understands that in the event he violates this Plea Agreement, the government, at its option, may move to vacate the Plea Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Plea Agreement, or may require defendant's specific performance of this Plea Agreement.

22. Defendant and his attorney acknowledge that no threats have been made to cause defendant to plead guilty.

23. No promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement, and none will be entered into unless memorialized in writing and signed by all of the parties listed below.

24. <u>Defendant's Signature:</u> I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending Superseding Indictment. Further, I fully understand all rights with respect to the provisions of the Sentencing Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this Plea Agreement, and I voluntarily agree to it.

Date: 8-14-24

PAUL FAYE, SR.
Defendant

25. <u>Defense Counsel Signature:</u> I am counsel for defendant in this case. I have fully explained to defendant his rights with respect to the pending Indictment. Further, I have reviewed the provisions of the Sentencing Guidelines and Policy Statements, and I have fully explained to defendant the provisions of those guidelines that may apply in this case. I have reviewed carefully every part of this Plea Agreement with defendant. To my knowledge, defendant's decision to enter into this Plea Agreement is an informed and voluntary one.

Date: 8-14-24

DAVID BAKER
Attorney for Defendant

Respectfully submitted,

HENRY C. LEVENTIS
United States Attorney

By: 

12

Josh Kurtzman – Assistant U.S. Attorney

_FOR_ /s/ _(signature)_
Ahmed Safeeullah
Deputy Criminal Chief